UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE GUADALUPE TORRES CANO, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:26-cv-00069-JRS-MKK |
| BRISON SWEARINGEN in his official capacity as Sheriff of the Clay County Jail, *et al.*, | ) ) ) ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

Jose Torres Cano is detained at the Clay County Justice Center at the direction of the U.S. Department of Homeland Security (DHS). An immigration judge ordered more than a month ago that he be released on a bond of $1,500, but DHS refuses to honor the bond order and release Mr. Torres Cano. This refusal is unlawful. Accordingly, the Court grants Mr. Torres Cano's petition for a writ of habeas corpus and directs that he be immediately released from detention consistent with the bond order.

**I. Facts**

Indiana State Police arrested Mr. Torres Cano during a traffic stop in December 2025 and contacted U.S. Immigration and Customs Enforcement (ICE). Dkt. 6-1 at 2. ICE officers took him into custody and initiated a removal proceeding. *Id.* at 4.

Immigration Judge Samia Naseem considered Mr. Torres Cano's eligibility for bond on January 9, 2026. Dkt. 6-1 at 12. She ordered that Mr. Torres Cano be released from custody on a bond of $1,500. *Id.*

The same day, ICE issued Mr. Torres Cano notice that it would appeal the bond determination and that it would continue to detain him during the pendency of the appeal. *Id.* at 14–18. Mr. Torres Cano asserts that ICE has refused to process his bond payment, and no evidence tells a different story. Dkt. 1 ¶ 56. The government has initiated its appeal, and it remains pending.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Broadly, Mr. Torres Cano argues that his continued detention in spite of the bond order violates the Fifth Amendment, the Immigration and Nationality Act, and related regulations. Dkt. 1 ¶¶ 58–75. But the bottom line of his petition is straightforward: His detention is contrary to law because it violates Judge Naseem's order that he be released on bond.

The respondents devote the lion's share of their briefing to the argument underlying DHS's appeal of the bond determination—that Mr. Torres Cano's detention is required by 8 U.S.C. § 1225(b)(2). They acknowledge, however, that "[t]he current operative mechanism of Petitioner's detention is an automatic stay of release on bond." Dkt. 6 at 3. The respondents further acknowledge that this Court has previously and consistently ruled that detention based on automatic stay of a bond order violates the Constitution and laws of the United States. *Id.* at 9. The respondents concede that those decisions "control the result in this case should the Court adhere to the legal reasoning in those prior decisions." *Id.*

Despite acknowledging the issue, the respondents have not presented any argument—much less a new one—that its application of the automatic stay is lawful. Accordingly, the § 1225(b)(2) issue is immaterial to the current lawfulness of Mr. Torres Cano's detention.[1] Congress designated

---

[1] If the issue were material, the Court would resolve it in Mr. Torres Cano's favor. This Court has consistently found that petitioners in Mr. Torres Cano's position—arrested by immigration officials inside the United

the Attorney General to decide whether an alien is eligible for bond under § 1226(a). She made precisely that determination through her immigration judge. The dispositive question is not whether the Attorney General's determination was correct; it is whether DHS may refuse to honor that determination as it pursues its appeal.

DHS's stated basis for continuing to detain Mr. Torres Cano is 8 C.F.R. § 1003.19(i)(2). The pertinent statute, 8 U.S.C. § 1226(a)(2)(A), authorizes the Attorney General to release aliens on bond. The regulation states:

> In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination.

8 C.F.R. § 1003.19(i)(2). Thus, Congress authorized the Attorney General to determine when removable aliens should be released on bond. If the Attorney General—acting through one of her immigration judges—exercises that authority, the regulation states that DHS may not only appeal her determination, but automatically stay the determination pending appeal.

"It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). "[W]hen a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 413 (2024).

The automatic stay provision is problematic because, although Congress granted authority over custody and bond determinations to the Attorney General, the regulation purports to grant DHS unilateral authority to set aside (or at least delay) the effects of those determinations.

---

States years after entering the country—are eligible for discretionary release under 8 U.S.C. § 1226(a). *See, e.g.*, *Lopez-Vincente v. Noem*, No. 2:26-cv-00043-JRS-MG, dkt. 12 (S.D. Ind. Feb. 6, 2026).

3

Congress did not grant DHS authority to determine whether aliens should be released on bond. The statute grants that authority to the Attorney General, 8 U.S.C. § 1226(a)(2), who redelegated it to Immigration Judges. The Department of Justice—the Attorney General's agency—also created the automatic stay regulation, 8 C.F.R. § 1003.19(i)(2), and in doing so purported to redelegate some of its authority to determine whether an alien should be released on bond to DHS. *See* 71 FR 57873; 66 FR 54909.

Of course, the "head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. And, "[i]n addition to the authority to delegate conferred by other law, the head of an agency may delegate" certain authority "to subordinate officials." 5 U.S.C. § 302(b). But the automatic stay provision does not reflect the Attorney General's regulation of her employees or a delegation of her authority to subordinate officials. Rather, it reflects the Attorney General's attempt to delegate authority granted to her by Congress to a *distinct* agency. The Court is not aware of—and the respondents have not presented—any comparable statute or precedent authorizing the Attorney General or any other official to delegate authority conferred to it by Congress to a separate agency.

As the respondents acknowledge, the judges of this Court have consistently held that DHS's invocation of 8 C.F.R. § 1003.19(i)(2) to stay DOJ's grant of bond exceeds congressionally delegated authority. *Bah v. Clinton County Sheriff*, No. 1:26-cv-00151-JMS-TAB, dkt. 9 (S.D. Ind. Feb. 6, 2026); *Martin Santiago*, No. 2:25-00551-JRS-MJD, dkt. 11 (S.D. Ind. Dec. 23, 2025); *BDVS v. Forestal*, No. 1:25-cv-01968, dkt. 15 (S.D. Ind. Oct. 8, 2025). Because DHS has done

exactly that in this case, Mr. Torres Cano's continued detention contrary to Judge Naseem's bond order violates the Constitution and laws of the United States.

### III. Conclusion

Mr. Torres Cano's petition for a writ of habeas corpus is **granted**. The respondents will have **48 hours** to certify that Mr. Torres Cano has been released from detention consistent with Judge Naseem's bond order.

**IT IS SO ORDERED.**

Date: 2/13/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Nora Unverzagt Galindo
Law Office of Nora Galindo
nora@noragalindolaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov